■ In the Matter of the Estate of JULIA M. DONAHUE, Deceased. JOSEPH P. REYNOLDS, as Testamentary Trustee under the Will of JULIA M. DONAHUE, Deceased, Appellant. LAVINA E. DONAHUE, Respondent.— *Per Curiam.* Appeal from an order of the Surrogate's Court of Chenango County which directed the trustee to exercise the authority conferred upon him by the will to make payment of debts and expenses incurred by the beneficiary, now 96 years old, for nursing care and for taxes upon and fuel for her home, from the principal of a testamentary trust amounting to approximately $88,000. It was indicated upon the oral argument that the remainderman had consented to, or, at least, had interposed no objection to the requested invasion of principal, which the trustee had power to effect in any event. The record in the Surrogate's Court should be clarified in respect of the remainderman's acquiescence; and counsel for respondent is directed to forward to the remainderman forthwith a copy of the order to be entered hereon. Order affirmed and case remitted to the Surrogate's Court, subject to reopening and reconsideration by that court upon prompt application by the remainderman, with costs to respondent payable out of the trust fund. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ GORDON LEIP, JR., Respondent, v. WALTER HYSON, Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Schenectady County, entered upon a verdict in favor of respondent in the amount of $9,000 and from an order of the same court denying appellant's motion pursuant to CPLR 4404 to set aside the verdict as being excessive and contrary to law and the weight of the evidence. Respondent was allegedly injured when his automobile struck appellant's vehicle which had made a left turn across the eastbound lanes of State Street in Schenectady. On the instant record the question of whether or not respondent was contributorily negligent is clearly factual and we find no reason to disturb the jury's determination of that issue (e.g., *Harker* v. *Chase*, 26 A D 2d 854). The conflict in testimony as to respondent's operation of his vehicle just prior to the impact was resolved by the jury against appellant, and we cannot say that, as a matter of law, the jury's determination was improper. Nor do we find in the instant case that the admission into evidence of the statement of the police officer that no arrests had been made constituted prejudicial error mandating reversal, the testimony complained of having initially been elicited and received without objection, upon cross-examination of appellant's witness, in response to a question as to whether any complaints of speed had been made. Finally, although the verdict seems high, we cannot on this record find the award excessive. The record reveals substantial impact and testimony that four years after the accident respondent still experienced pain and was still required to work at jobs which are less strenuous than those at which he worked prior to the accident. Moreover, appellant offered no proof to contradict respondent's medical testimony even though his own doctor examined respondent (*Sandor* v. *Katz*, 27 A D 2d 766, mot. for lv. to app. den. 19 N Y 2d 581). Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.